## OAKS v. CATTARAUGUS WATER CO.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

CORPORATIONS—CONTRACT PRIOR TO ORGANIZATION.
    A waterworks company is not liable on a contract, entered into prior to its incorporation between plaintiff and a person who afterwards became a director and president of the company, and signed by him as attorney for such corporation, for services to be rendered the company after its organization, though such services were performed at the request of the president, in the absence of proof of ratification of such contract by the company.

Exceptions from circuit court, Cattaraugus county.

Action by Frank S. Oaks against the Cattaraugus Water Company on a written contract for services. There was a judgment of nonsuit, and a motion for a new trial on exceptions ordered to be heard in the first instance at the general term. Motion denied.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

E. A. Nash, for plaintiff.

D. E. Powell, for defendant.

LEWIS, J. The defendant is an incorporated waterworks company, organized under the statutes of this state providing for the incorporation of such companies for the purpose of constructing waterworks for supplying villages, and the inhabitants thereof, with pure and wholesome water. A certificate of incorporation was duly made, bearing date March 3, 1890, and recites that the company was organized on said 3d day of March, and that the names of the incorporators are George N. Cowan, W. H. Cowan, J. B. Cowan, W. H. McAlpine, W. R. Brock, E. H. Cohen, and J. Brown. The certificate was filed in the office of the secretary of state on the 22d day of May, 1890. The incorporators named were elected directors of the company on the third Tuesday of May, 1890. Prior to the defendant's incorporation, and on or about the 18th day of February, 1890, George N. Cowan visited the village of Cattaraugus with a view of making arrangements to construct a system of waterworks for the village, and, at the suggestion of its president, he called upon the plaintiff, and had a conversation with him upon the subject of the construction of waterworks for the village. He stated to the plaintiff that he had been engaged in putting up systems of waterworks in different parts of the state, and had called to see the plaintiff in reference to the construction of such works. The plaintiff informed Cowan that he had made some calculations and arrangements for entering into that business himself; but after some negotiations it was agreed that the plaintiff should abandon his idea of building the waterworks, and assist Mr. Cowan in obtaining the right of way for laying the pipes for supplying water, and should render other services pertaining to the building of the works, and that he should receive as compensation therefor the sum of $1,000; and the following agreement was made:

"Cattaraugus, N. Y., February 18, 1890.

"This agreement made by and between the Cataraugus Water Company, of Cattaraugus, N. Y., and F. S. Oaks, of the same place, witnesseth: The Cattaraugus Water Company hereby agrees to and with F. S. Oaks to pay him the sum of one thousand dollars in consideration of his services to said water company in securing right of way, hydrant rental, and placing investments, and in all things pertaining to the building of waterworks at Cattaraugus, N. Y. Said sum to be paid at the completion of said works. Said services to consist in aiding and helping the said company in the above matters, but without cash expense to said Oaks. If said waterworks are not constructed in Cattaraugus by said company, then this agreement to be null and of no effect. This agreement shall be binding on the successors and assigns of the said company.

[Signed]          "George N. Cowan, Atty. for Cattaraugus Water Co.
"F S. Oaks."

After its incorporation the defendant constructed the works. The plaintiff, at the request of George N. Cowan, while he (Cowan) was the acting president of the defendant, rendered some slight services to the company, consisting of pointing out to Cowan the location of some springs of water, soliciting customers for the use of the water, and writing letters for the company; and there was evidence tending to show that Cowan, after he was appointed president of the company, promised to see that plaintiff's claim was paid. After the completion of the waterworks the

plaintiff demanded payment of the $1,000 of Mr. Cowan. Payment was refused, and this action was commenced. At the close of the plaintiff's evidence a nonsuit was granted, and the plaintiff's exceptions were directed to be heard at general term in the first instance.

The defendant was not incorporated until months after the making of the contract mentioned in the complaint. George N. Cowan assumed to make, and signed, the contract as attorney for the company. The only semblance of proof that he was authorized to act in that capacity was his statement that he had been so authorized. Of course he could not act as attorney for a corporation that had no existence at the time. The only ground upon which the plaintiff's contention that the defendant could be made liable to perform the contract would be the company's ratification of the contract after it was fully informed of its existence and of its contents. No such proof was given. The defendant may be liable to the plaintiff for the value of such services as he performed after the organization of the company, at the request of its president, but that is not the cause of action claimed in the complaint. The action is based upon the written contract. Whether the contract is one that could be enforced even against George N. Cowan, or against the company, had it been in existence, and Cowan authorized to make it as and for the company, it is not necessary for us to decide, for the action is not against him personally. The trial court correctly held that the plaintiff had failed to make a case against the defendant. The motion for a new trial should be denied, and judgment ordered for the defendant upon the nonsuit. All concur.